The statement, per curiam, in the bill of exception, is:

"First. The case was clearly made out, beyond doubt. Second. The defendant has not shown due diligence; the preliminary trial was had five months before the bill of indictment was found, and the attorney representing defendant in that trial, and some of the witnesses he claims he wants, were present at the trial and could have been summoned for final trial. All this time elapsed and no effort made to get a single witness and none were summoned for final trial and no time asked for. When the case was called, the attorney rose and stated that his client had made no arrangement to pay him a fee in the case and he desired to withdraw from the case as a paid attorney, but would represent him under appointment of the court, and announced ready for trial, and the case was tried and defendant convicted. The court is clearly of the opinion that, if the case were opened and the evidence heard, it would not change the verdict, as two eyewitnesses saw the breaking and stated that defendant was one of the parties." .

Opinion.

The case thus presented is typical of the class which underlie criminal jurisprudence, to the effect that the trial judge is vested with great discretion in the matter of granting or refusing new trials, applied for on the ground of newly discovered evidence, and that the appellate court will not reverse his rulings unless that discretion has been abused or there is manifest error. We find no such abuse or error in this case. State v. Beck, 41 La. Ann. 584, 6 South. 431; State v. Davis, 48 La. Ann. 727, 19 South. 670; State v. Beaird, 34 La. Ann. 104; State v. Maxey et al., 107 La. 799, 32 South. 206; State v. Benjamin, 105 La. 501, 29 South. 969; State v. Pastor, 111 La. 717, 35 South. 839; State v. Baum, 51 La. Ann. 1112, 26 South. 67.

Judgment affirmed.

---

(53 South. 563.)

No. 17,873.

NATIONAL IRON WORKS v. CITY OF MONROE et al.

(June 6, 1910. On Rehearing, Nov. 28, 1910.)

*(Syllabus by Editorial Staff.)*

1. MUNICIPAL CORPORATIONS (§ 373*)—PUBLIC IMPROVEMENTS—RIGHTS OF MATERIALMEN—PAYMENTS TO CONTRACTOR—EFFECT.

In the absence of collusion between a city and a contractor for a public work, entitled under the contract to partial payments, to defeat the claims of materialmen by making excessive payments on inflated monthly statements, the court must presume that the estimates on which the payments were made were correct, so that the payments were binding on the materialmen notwithstanding Civ. Code, art. 2772, making the owner making excessive payments to the contractor liable to materialmen and laborers.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

2. MUNICIPAL CORPORATIONS (§ 905*)—CONTRACTS FOR PUBLIC WORK—CERTIFICATES OF INDEBTEDNESS.

Where the certificates of indebtedness issued by a city to a contractor for public work

have been negotiated and the holders are not before the court, the court cannot determine the invalidity of the certificates.

[Ed: Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1891; Dec. Dig. § 905.*]

### On Rehearing.

3. APPEAL AND ERROR (§ 877*)—PARTIES ENTITLED TO ALLEGE ERROR.

Materialmen sued a city to obtain payment for materials furnished to the contractor, who threw up the job before completion, and the city admitted its readiness to pay a specified amount to whomsoever it might be due, and asked that the various claimants litigate their rights. *Held*, that one whose claim was for materials furnished for extra work could not complain on appeal that the amount established as due from the city was too small by the value of the extra work done, where, if that amount were added to the city's admitted liability, there would not even then be enough to satisfy the claims prior to that of the objector.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3563; Dec. Dig. § 877.*]

Appeal from Sixth Judicial District Court, Parish of Ouachita; James P. Madison, Judge.

Consolidated actions by the National Iron Works and by others against the City of Monroe. From a judgment fixing the rank of competing claimants, the National Iron Works appeals. Affirmed.

John M. Munholland, for appellant. Stubbs, Russell & Theus, for appellee, City of Monroe.

PROVOSTY, J. The contractor for the construction of a market house for the city of Monroe having abandoned his contract, the plaintiff and others who had furnished him materials which had gone into the building recorded their claims, and brought suit against the city of Monroe.

The several suits were consolidated. The city of Monroe pleaded payment to the contractor, excepting a balance of $2,560.79, which it declared its readiness to pay to whosoever was entitled to same; and it prayed that the several plaintiffs be required to litigate their claim to said amount as in a concurso. There was judgment fixing the

rank of the competing claimants in the order of the recordation of their claims.

Plaintiff contends that the city has not liberated herself by her alleged payments to the contractor, for two reasons: First, that the alleged payments were in part anticipatory, and therefore, under article 2772, Civ. Code, not binding, in so far as thus anticipatory, upon furnishers of materials to the contractor; second, that the said alleged payments were not made in money, but by the delivery of certificates of indebtedness, and that these certificates were null and void, and therefore their delivery was not a payment.

Plaintiff further contends that the balance which the city acknowledges itself to owe the contractor is the difference between the contract price and the amount for which the city's certificates of indebtedness were issued to the contractor, plus the cost of completing the building; but that there must be added to the said contract price an amount of $492 for extra work subsequently agreed to be done and which was done.

Upon this last question, we cannot make out for certain from the testimony whether this $492 is included or not in the balance which the city acknowledges is still due the contractor. The trial judge found that it was, since he sustained in full the defense of the city; and the evidence does not allow us to say that he erred. As we understand the case, the city has not taken the contract price into consideration at all in determining the amount of her indebtedness to the contractor, but has made an estimate of the amount of work done upon the building by the contractor, and has admitted indebtedness in the amount of that estimate less the amount of the certificates issued to the contractor. According to this, the $492 of extra work would have been included in the estimate along with the rest of the work.

For supporting the contention that the payments were in part anticipatory, plaintiff

argues that the burden was on the city to show the correctness of the estimates upon which the payments were made. We cannot go into these details. In the absence of any allegation, or even suggestion that the city and the contractor colluded together to defeat the claims of the furnishers of materials by making inflated monthly statements, we will presume that the estimates were as nearly correct as such estimates usually are. The city had an interest in not inflating them; and there is no probability that she did.

So far as the invalidity of the certificates are concerned, that is a question which cannot be gone into in this case, for the reason that the certificates have been negotiated, and the holders of them are not before the court. Nor, in fact, does the record show positively how many of them had not yet been cashed by the city at the time the plaintiff recorded its claim.

Judgment affirmed.

### On Rehearing.

MONROE, J. The question upon which the rehearing was granted, and to which the present inquiry will be confined, relates solely to plaintiff's claim for material furnished by it to the contractor and used by him for extra work. According to the contract (articles 1, 2, 3, 8), the price to be paid was $24,600, subject to additions or deductions, as there might be additions to, or omissions from, the work called for by the original plans and specifications.

Article 8 reads, in part:

"Estimates of the value of all labor and material in the building and on the grounds shall be made and certificates of payment * * * shall be furnished of 85 per cent. of the estimated value of such labor and materials; provided, the contractor calls for an estimate at least six days before the first Monday of each month."

The evidence shows that, up to, and inclusive of, June 1, 1904, the labor and material furnished by the contractor amounted in value to $15,938, for which estimates and certificates, to the extent of 85 per cent., and amounting to $13,377.30, were issued, leaving a balance due of $2,560.70. The contractor abandoned the work about the time he received his last estimate and certificate, and we conclude, from the testimony, that the extra material to the value of $492, here in question, had been put into the building prior to the issuance of, and was included in, that estimate, since it is admitted that A. F. Stewart, who was superintendent of construction, representing the city of Monroe, and who made the estimates, if present, would swear that they were correct. The mayor says, in his testimony, that at the beginning of each month there was an estimate made of the amount of money spent for labor and material during the previous month, and that, after deducting 15 per cent., certificates were issued to cover the balance, and the contract provides that the estimates, as made, shall include "all labor and material in the building and on the grounds."

Conceding, therefore, that, to the contract price, $24,600, there is to be added $492 for extra work and material, so that the total amount which would have been due the contractor on the completion of the work would have been (24,600+492=) $25,092, the fact appears to be that he was paid, in certificates, 85 per cent. of the value of all the work and material furnished by him, up to the time that he abandoned the job, including the extra material obtained from plaintiff, and that, as found by the judge a quo, the remaining 15 per cent. of the amount due, according to the estimates, plus the balance which might have become due under the contract (including the $492) if the work had been completed, was insufficient to satisfy the demands which take precedence of the plaintiff's.

It is therefore ordered that the judgment heretofore rendered be now reinstated and made the final judgment of this court.